The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as
 STIPULATIONS
1. An employment relationship existed between plaintiff-employee and defendant-employer between March 29, 1980 and December 2, 1994.
2. The parties are subject to and are bound by the provisions of the North Carolina Workers' Compensation Act.
3. Defendant-employer is insured by ITT Hartford Insurance Company.
4. The average weekly wage of the employee at the time of the alleged injury was $443.79.
 ***********
The Full Commission adopts the findings of fact of the Deputy Commissioner, with a few modifications, as follows:
 FINDINGS OF FACT
1. Plaintiff is a woman who was 39 years of age on the date of the hearing. She obtained her GED in 1997 and has also taken accounting classes at Durham Tech.
2. Plaintiff had been employed by defendant-employer for approximately 15 years, most recently as the accounts payable bookkeeper.
3. Plaintiff's job duties as the accounts payable bookkeeper included ensuring all vendors were paid for goods and services provided to the defendant-employer, to check invoices, run checks through a check signer, open mail, post journal entries, and provide backup for the payroll technician. Plaintiff's position included handling paper, a minimal amount of writing, and the use of a calculator as well as a computer.
4. Prior to January, 1994, plaintiff did not have any problems with her hands or arms. However, during January of 1994, she felt like she was under a lot of stress and began feeling pain in her right arm and shoulder. She also experienced pain in her left arm, but at this time, the pain on her right side was much worse than the left.
5. On February 14, 1994, plaintiff was examined by Dr. Kevin Speer at Duke University Medical Center Orthopedic Department. Plaintiff was complaining of right elbow pain but no neck, shoulder, or hand symptoms. Dr. Speer noted global elbow pain, and assessed plaintiff with medial epicondylitis, probably soft tissue related. It was his opinion that her complaints might be caused by her obesity. He recommended physical therapy, and follow-up. When he next saw Plaintiff on March 9, Dr. Speer still had no explanation for her continued symptoms, and referred her to Dr. Richard Goldner, also at Duke University Medical Center.
6. On March 28, 1994, plaintiff was examined by Dr. Goldner. At that time, plaintiff was complaining of intermittent soreness in the medial epicondyle anteriorly across the antecubital fossa at the lateral epicondyle. She did not complain of any specific injury. There were no symptoms on the left upper extremity or lower extremity nor were there any neck or shoulder symptoms. Dr. Goldner could not make any specific diagnosis that encompassed all of her symptoms.
7. Plaintiff was treated by Dr. Goldner for more than a year, but he was unable to diagnose a specific problem. At various times, Dr. Goldner indicated that the plaintiff's symptoms were vague and diffuse and her physical examinations did not particularly localize a specific entity. A number of tests were performed including a dynamic hand scan, an EMG, an MRI and blood tests. All were normal, although an MRI showed a cyst at the right lunate bone which Dr. Goldner did not believe was related to her work.
8. Plaintiff was also examined by Dr. George S. Edwards, Jr., a Board Certified hand and upper extremity specialist. Dr. Edwards diagnosed a right lunate interosseous ganglion (cyst), which he did not believe was work-related. Dr. Edwards found no other abnormalities, and no evidence of tendinitis or carpal tunnel syndrome.
9. Dr. Edwards also reviewed a videotape of plaintiff's job with defendant-employer. Based on his review of the videotape, Dr. Edward's was of the opinion that the plaintiff's job was not strenuous or repetitive enough to cause the problems the plaintiff had described. Based upon his examination of her and review of the videotape, Dr. Edwards believed that plaintiff should be able to perform that type of job, so long as she had intermittent breaks.
10. Plaintiff began to experience depression. She was subsequently treated by Dr. Veeraindar Goli at the Duke University Medical Center Pain Clinic and Department of Medical Psychology. Dr. Goli diagnosed depression and believed that the plaintiff focused on her pain and the fact that she was unable to work because of said pain. However, Dr. Goli also stated that plaintiff was dealing with some social issues that arose from her home environment.
11. There is no evidence that the plaintiff's right upper extremity symptoms were caused by any specific incident or accident which occurred while plaintiff was at work. There is insufficient evidence to establish that the plaintiff's symptoms are due to any injury or disease process which is causally related to her employment.
12. Plaintiff has not worked since December, 1994 and has not actively sought employment.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following
 CONCLUSIONS OF LAW
1. The plaintiff has failed to prove by the greater weight of the evidence that she sustained an injury by accident arising out of and in the course of her employment with defendant. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has otherwise failed to prove by the greater weight of the evidence that her pain symptoms were caused by or significantly aggravated by her assigned job duties with defendant-employer, or that she developed an occupational disease due to causes and conditions which are characteristic of and peculiar to her employment with defendant-employer. N.C. Gen. Stat. § 97-53(13).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following
 ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall pay its own costs.
 S/ ________________ KIM L. CRAMER DEPUTY COMMISSIONER
CONCURRING:
S/ ______________ DIANNE C. SELLERS COMMISSIONER
S/ ______________ THOMAS S. BOLCH COMMISSIONER